Martin, J.
delivered the opinion of the court. r The petition states, that one Sanches was a 4 partner of Mrs. Aubry’s mother, and. on her * J death took possession of all the partnership 4 * r effects, and kept them while he lived, and died * leaving his whole estate to the present Mrs, ° 4 F0ise . that she and her husband possessed themselves of aH the partnership effects, and 1 1 refused to account to, or make any partition with Mrs. Aubry, who is the sole heir to her mother. ⅛
The defendants, among other pleas, urge that all the partnership property was, at it» dissolution, by the death of Mrs. Aubry’s mother, adjudged to Sanches, by a competent tribunal, for the sum of $1321 37⅛ which he paid to the plaintiff Aubry, in right of hi* wife, who gave a receipt &nd acquittance therefor, renouncing all claims.
*307 East’n District.
April, 1822.
, There was judgment for the defendants, / ° and the plaintiffs appealed.
The appellees produce a decree of governor Salcedo, of the 8th of January, 1803, by which the alleged adjudication appears to have been made : but the appellants urge, that by a subsequent decree of the same tribunal, of the 16th of September, of the same year, the adjudication was declared null and void, Syn-ches having neglected to comply with the terms on which it had been made por no sus-sistir la adjudicación, mediante a Sanches no haver complido con las condiciones.
Notwithstanding these strong expressions, we are of opinion, with the counsel of the appel-lees, that the adjudication was not annulled; attending more to what was done, than to what was said, by the Spanish tribunal; who directed a dispacho execution, to issue to the commandant of Sanches’ parish, that he might be compelled to pay the price of the adjudication, by the seizure of his property, and the imprisonment pf his person ; that on this dis-pacho being communicated to him, by the commandant, with order to pay, he entered into arrangements, made partial payments, and finally paid the balance with interest and *308 costs, as appears by Aubfy’s authentic receipt * J ' ana discharge, executed before the command t
Livingston for plaintiffs, Moreau for defendants.
Surely the court who compelled him to pay the price of the adjudication, might say that before payment, the adjudication was of no avail, no susistir, but it could not mean that it should subsist, in order to authorise and compel the payment, while afterwards the' thing adjudicated should not pass to the party.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.